UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TYRONE MITCHELL #332990** | **CASE NO. 6:19-CV-01364 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **DARRYL VANNOY** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pro se petitioner Tyrone Mitchell ("Mitchell"), an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on October 16, 2019. [Rec. Doc. 1] Petitioner attacks his 2012 conviction for Distribution of Cocaine, the subsequent habitual offender adjudication and life sentence imposed thereon by the 15th Judicial District Court, Vermilion Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

## *Background*

Mitchell sold crack cocaine to an undercover police officer during a weekend long undercover operation in Abbeville, Louisiana. He was charged in a bill of information filed on January 4, 2011, with distribution of cocaine, a violation of La.R.S. 40:967. *See State v. Mitchell*, 13-426 (La. App. 3 Cir. 11/16/13), 125 So.3d 586. He was arraigned and entered a plea of not guilty on February 16, 2012. *Id*. Trial by jury commenced on July 17, 2012, and the defendant was found guilty the following day. *Id*.

Mitchell was adjudicated a third felony offender on December 20, 2012, and was sentenced to life imprisonment, without benefit of probation, parole, or suspension of sentence. *Id*.

Through counsel, he filed a direct appeal in the Louisiana Third Circuit Court of Appeal on or about May 13, 2013 (doc. 1-3, pp. 19-39), which was denied on November 6, 2013 (*id*. at pp. 53-84; *State v. Mitchell*, 13-426 (La. App. 3 Cir. 11/16/13), 125 So.3d 586). Petitioner filed an application for writ of certiorari and/or review in the Louisiana Supreme Court (doc. 1-3, pp. 86-95), which was denied on June 20, 2014 (*id*. at doc. 97; *State v. Mitchell*, 14-0202 (La. 6/20/14), 141 So.3d 807.

Petitioner filed an application for post-conviction relief in the 15th Judicial District Court. Rec. Doc. 1-3, pp. 99-134. The trial court denied his application on June 15, 2015. *Id*. at pp. 165-168. A writ application filed in the Third Circuit Court of Appeal on July 16, 2015 (*id*. at pp. 170-180) was denied on November 5, 2015 (*id*. at pp. 182-183). Mitchell filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court on December 4, 2015. *Id*. at pp. 185- 200. The Supreme Court denied writs on August 4, 2017. *Id*. at pp. 202-203; *State ex rel. Mitchell v. State*, 15-2263 (La. 8/4/17), 223 So.3d 521.

Mitchell alleges that as of September 25, 2018, he had not received notice of the Supreme Court's August 2017 ruling and accordingly, he wrote to the Clerk of the Louisiana Supreme Court to inquire as to the status of his writ application. *Id*. at p. 205. On November 19, 2018, he received correspondence from the Supreme Court informing him that his application was denied on August 4, 2017. *Id*. at p. 206. On December 4, 2018, he requested a printout of all legal mail received and signed for from October 1, 2015 through December 4, 2018, from the Angola B-Line Package Room. *Id*. at p. 207. The documentation attached to the instant writ supports Petitioner's argument that he received no incoming legal mail after the November 9, 2015 notice from the Third Circuit Court of Appeal. *Id*. at pp. 209-210.

On October 26, 2019, Mitchell filed the instant petition for writ of habeas corpus. Doc. 1.

## *Law and Analysis*

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended

by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

For AEDPA purposes, petitioner's judgment of conviction and sentence became final when his 90-day window for seeking review in the United States Supreme Court had expired or, on or about September 18, 2014. Sup. Ct. R. 13. Under §2244(d)(1) petitioner had one year from that date, or until September 18, 2015, to file his federal habeas petition.

5

Petitioner is eligible for statutory tolling of the 1-year limitations period during the time in which his post-conviction application was pending in the Louisiana courts. 28 U.S.C. § 2244(d)(2). Petitioner filed his application for post-conviction relief on September 3, 2014. Thus, the AEDPA "clock" paused on that date and resumed on August 4, 2017, when the Louisiana Supreme Court denied writs. The § 2254 petition was filed in this Court on October 16, 2019, over two years too late under the AEDPA. However, the analysis does not end here.

## C. *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999).

While not specifically arguing for equitable tolling, Mitchell contends that his petition is timely, in that it was filed within one year from the date he received notice that the Louisiana Supreme Court denied his writ application. However, this Court finds that equitable tolling is not warranted in this case.

First, Petitioner waited over two years before contacting the Louisiana Supreme Court to inquire as to his pending application. More egregious is the fact that upon being notified that his application had, in fact, been denied two years prior, Mitchell waited an additional eleven months before filing his federal habeas petition. Accordingly, the circumstances do not demonstrate that petitioner acted diligently in pursuing his rights. *See Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010)*,* (no equitable tolling for state's delay in sending notice that petitioner's state habeas petition had been denied when petitioner waited nearly seven months to file his federal habeas petition).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE in Chambers on this 7th day of February, 2020.

**Carol B. Whitehurst**
**United States Magistrate Judge**