UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TYRONE MITCHELL #332990** | **CASE NO. 6:19-CV-01364 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **DARRYL VANNOY** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING ON OBJECTIONS

Tyrone Mitchell, Petitioner in this matter, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] on October 16, 2019, asserting claims of constitutional violations during his state criminal proceeding. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation [Doc. No. 4] on February 7, 2020. Petitioner then filed "Objections to Magistrate Judge's Report and Recommendation (Feb. 7, 2020)." [Doc. No. 5] The Court finds that only one objection warrants further discussion. For the reasons stated in the Report and Recommendation, as supplemented herein, the Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

As recited in the Report and Recommendation, Tyrone Mitchell was convicted of distribution of cocaine on July 18, 2012, and sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence. [Doc. No. 4 at 2] He filed an appeal in the Louisiana Third Circuit Court of Appeal, which was denied on November 6, 2013. [*Id.*] Mitchell filed an application for writ of certiorari and/or review in the Louisiana Supreme Court, which was denied on June 20, 2014. [*Id.*] He filed an application for post-conviction relief in the 15th Judicial District Court, which was denied on June 15, 2015. [*Id.* at 3] Mitchell then filed an application for

supervisory and/or remedial writs in the Louisiana Supreme Court on December 4, 2015, which was denied on August 4, 2017. [*Id.*]

Mitchell alleges that because he did not receive any notice of the disposition of his final application to the Louisiana Supreme Court, he wrote to that court's Clerk on September 25, 2018 to request a status update. [Doc. No. 4 at 3] On November 19, 2018, he received notice from the Clerk that his application had been denied in August 2017. [*Id.*] A log of all legal mail directed to Mitchell suggests he received no legal correspondence from November 9, 2015 until the notice of denial in November 2018. [*Id.*] Mitchell's application with this Court was filed October 26, 2019.

Petitioner asserts several grounds for habeas relief. After an independent review of the record and law, the Magistrate Judge found Mitchell's application to be untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) and that he was not entitled to equitable tolling. [Doc. No. 4] Mitchell argues that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). [Doc. No. 5 at 2-4] Because the question of statutory tolling under 2244(d)(1)(B) is not directly addressed in the Report and Recommendation, it is discussed below.

Under 28 U.S.C. § 2244(d)(1), applications for writs of habeas corpus are subject to a one-year period of limitation. Under 28 U.S.C. § 2244(d)(1)(B), the limitation period is tolled during the existence of a state-created impediment to filing the application that violates the Constitution or laws of the United States. Under Fifth Circuit jurisprudence, the failure of a state court to provide notice of its rulings on requests for relief from state convictions generally implicates equitable rather than statutory tolling. *See Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000); *Critchley v. Thaler*, 586 F.3d 318, 318 n.3 (5th Cir. 2009)("when the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation"); *Clarke v. Rader*, 721 F.3d 339, 343 (5th Cir. 2013).

A petitioner is entitled to equitable tolling under § 2244 if extraordinary circumstances prevented him from filing his writ application and he showed diligence in pursuing his rights. *See Coker v. Quarterman*, 270 F. App'x 305 (5th Cir. 2008); *Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009); *Williams v. Thaler*, 400 F. App'x 886 (5th Cir. 2010); *Umana v. Davis*, 791 F. App'x 441 (5th Cir. 2019). This showing of diligence generally requires at least that a petitioner make an inquiry as to the status of a state writ within one year after filing. *Id.*

Mitchell argues that the Louisiana Supreme Court's failure to provide him with timely notice of the denial of his writ application entitles him to statutory tolling under § 2244(d)(1)(B). [Doc. No. 5 at 2-4] Mitchell contends that this failure was part of a pattern and practice of State conduct toward *pro se* prisoners that violates his due process rights under the United States Constitution and prevented him from filing a timely petition in this Court. [*Id.*] The Court disagrees. As noted above, the failure of a state court to provide notice of decisions on requests for relief from convictions generally implicates equitable rather than statutory tolling. In *Critchley v. Thaler*, 586 F.3d 318 (5th Cir. 2009), the Fifth Circuit did find that a state Clerk of Court's pattern and practice of procedural failures entitled a petitioner to statutory tolling under § 2244(d)(1)(B). In that case, the state Clerk failed to file the petitioner's habeas application multiple times, and the district court noted a pattern of this Clerk not filing the habeas petitions of *pro se* prisoners. *Critchley*, 586 F.3d at 318-320. The Fifth Circuit found that this state action violated the petitioner's rights and prevented him from filing a § 2254 application. *Id.* The court noted that the failure to file the petition was "more egregious" than the failure of a court to provide notice of a ruling on a state habeas petition. *Id.* at n.3. Unlike *Critchley*, where the state's actions effectively precluded filing, here, Petitioner was in a position to timely file his petition if he had acted diligently in inquiring about the status of his case. The Supreme Court's failure here to provide

notice of Mitchell's ruling, therefore, does not entitle him to statutory tolling under § 2244(d)(1)(B).

As noted by the Magistrate Judge, the facts of this case also do not entitle Mitchell to equitable tolling under the jurisprudence. Petitioner filed his final writ with the Louisiana Supreme Court on December 4, 2015, and made his first status inquiry on September 25, 2018, nearly three years later. Equitable tolling requires that a petitioner show diligence in pursuing his rights, which is not evident in the facts of this matter. *See Coker*, 270 F. App'x 305 (petitioner showed diligence when he made a first status inquiry eight months after filing); *Hardy*, 577 F.3d 596 (petitioner showed diligence when he made a first inquiry eleven months after filing and made multiple follow-up inquiries); *Williams*, 400 F. App'x 886 (petitioner showed diligence when he made multiple inquiries beginning nine months after filing); *Umana*, 791 F. App'x 441 (petitioner showed diligence when he inquired regarding status eleven months after filing); *Lewis v. Cockrell*, 275 F.3d 46 (5th Cir. 2001) (petitioner did not show diligence when he made a first status inquiry nearly thirty months after filing); *Stroman v. Thaler*, 603 F.3d 299 (5th Cir. 2010) (petitioner did not show diligence when he waited eighteen months to make a second inquiry); and *Clarke v. Rader*, 721 F.3d 339 (5th Cir. 2013) (petitioner did not show diligence when he waited eleven months to inquire as to the status of his writ application, when he also waited nine months to file an application for post-conviction relief and waited three months to file a federal habeas application). Petitioner's habeas application with this Court was filed untimely under 28 U.S.C. § 2244, and is entitled to neither statutory nor equitable tolling.

For these reasons, and considering the objections to the Report and Recommendation in the record, the Court will issue a judgment DISMISSING the petition for writ of habeas corpus WITH PREJUDICE.

THUS DONE in Chambers on this 4th day of June, 2020.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE